NOT FOR PUBLICATION

RECEIVED
MAR 14 2012
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT HERKO,

      Plaintiff,

v.

LILLIAN MUZYKA, et al.

      Defendants.

Civil No. 11-01142 (JAP)

**OPINION**

PISANO, District Judge:

    Plaintiff Robert Herko filed this Complaint on March 1, 2011, seeking damages for tortious interference with a contractual relationship and conversion against Defendant Lillian Muzyka. Herko and Muzyka are parties to a dissolution of marriage action in Arizona state court. This case comes before the Court on Defendant's Motion to Dismiss for lack of personal jurisdiction, subject matter jurisdiction, and judicial economy. The Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this case will be dismissed with prejudice.

**I.    Background**

    Herko alleges that Muzyka interfered with a contractual relationship formed between his New Jersey-based photography business and Rostek Innovations, a New Jersey-based customer, on November 20, 2007. The contract was for photography services valued at $71,072.50. Compl. ¶ 8. The alleged interference consisted of the theft of photographic equipment, valued by Plaintiff as "in excess of $359,000," from a storage unit in Arizona, which the Defendant claims

was essential to the performance of his New Jersey-based contract. Compl. ¶¶ 10-11. Further, he alleges that the Defendant personally harassed, and retained a private investigator to harass, the President of Rostek Innovations and other potential customers of Plaintiff's business, thereby further frustrating any continued contractual relationship with Rostek and damaging Plaintiff's professional reputation. *Id.* at ¶¶ 21-27. Finally, Plaintiff claims that the Defendant took possession of and ultimately destroyed his personal computer containing many files valuable to his photography business. *Id.* at ¶¶ 46-72. Plaintiff filed a dissolution of marriage action in Arizona on December 11, 2007 ("Dissolution Action"). *Id.* at ¶ 44.

After the filing of the Dissolution Action, Muzyka's medical practice filed a separate tort action against Herko, also in the Superior Court of Arizona ("Arizona Tort Action"). *See* Mot. to Dismiss 1 (citing *Mesa Del Sol Medical Clinic et al. v. Robert Herko et al.*, No. S1400CV020090112 (Ariz. Sup. Ct.)); *id.* at Ex. A, B. Muzyka alleged in that action that Herko illegally diverted funds from her medical practice for his photography business, and otherwise mishandled the finances of her practice. Herko's Counterclaim in this tort action in Arizona Superior Court makes substantially the same allegations as those set forth in the instant Complaint, including those actions which are alleged to have been committed by Muzyka in New Jersey. Mot. to Dismiss Ex. A (*Mesa Del Sol v. Herko*, Answer to Amended Complaint).

## II.    Motion to Dismiss

Muzyka asserts in the instant Motion that this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction, lack of personal jurisdiction, and for reasons of judicial economy. In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). All reasonable inferences must be

made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbien, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994). Because the Court finds that this action is exactly duplicative of the marriage dissolution and tort actions in Arizona state court, this case must be dismissed.

Judicial economy mandates the avoidance of duplicative litigation that may result in inconsistent rulings and inconvenience to the parties and witnesses, and that all related issues be decided in the same forum.

> It long has been recognized that there is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 . . . (1936). Moreover, as a general principle, duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 . . . (1976).

*Remington Rand Corp. v. Business Systems, Inc.*, 830 F.2d 1274, 1275-76 (3d Cir. 1987). See also *NYLife Distribs. v. Adherence Group*, 72 F.3d 371, 376 (3d Cir. N.J. 1995) ("[A]n additional ground for dismissing or staying a federal action in favor of state court proceedings . . . is aimed at avoiding duplicative litigation and is premised on considerations which concern the efficient administration of judicial resources and the comprehensive disposition of cases.") (citing *Colorado River*, 424 U.S. at 818 (1976)).

Herko has not countered Muzyka's well-supported claim that his Complaint in the District of New Jersey is duplicative of both the Dissolution Action and the Arizona Tort Action. He has stated no claim in this Court that is not already before the Arizona Superior Court. Moreover, he has not even raised new facts that are not already before that court. For example, Herko makes the exact same claim for damages from tortious interference in this Court for $71,052.50 that he made in his counterclaim in the Arizona Tort Action. Compl. ¶ 8; Mot. to

Dismiss Ex. A at 4. Further, almost all of his claims regarding the alleged theft and destruction of the computer in the instant Complaint cite to the Defendant's testimony in the Dissolution Action. Compl. ¶¶ 46-63.

Herko claims that his Complaint is not duplicative of the state court actions because the Superior Court of Arizona refused jurisdiction over some of the claims brought in the instant action because they arose after the Dissolution Action was filed. Opp. to Mot. to Dismiss 11. However, his argument that it is not duplicative of the Tort Action is merely that the allegations in this Complaint arise from "expanded discovery of the injuries," or "more complete disclosure" of those injuries complained of in his Arizona Tort Action counterclaim. *Id.* at 12. The appropriate course, however, is for Herko to bring newly discovered information to the attention of the court that is already litigating those claims, not to file identical claims in a distant forum. "Expanded discovery" is to be expected as any litigation proceeds, and new facts do not necessarily give rise to new claims. Even newly discovered causes of action should be brought in the court where related claims are already being litigated. *See, e.g., Remington Rand Corp*, 830 F.2d at 1275-76.

### III.   Conclusion

For the reasons set forth above, the Plaintiff's Complaint presents this Court with a near replica of litigation pending in Arizona state court, and it is in the interest of judicial economy to avoid this duplicative litigation. Therefore, the Defendant's Motion to Dismiss will be granted. An appropriate Order follows.

JOEL A. PISANO
United States District Judge

Dated: 3/14/12